IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KARICE GOSS, individually and on behalf of all others similarly situated, | ) ) ) | |
| *Plaintiff*, | ) ) | Civil Action No. 18-cv-07407 |
| v. | ) ) | |
| GARY A. SMILEY, ATTORNEY AT LAW, | ) ) ) | |
| | ) | <u>Jury Demanded</u> |
| *Defendant.* | ) | |

**COMPLAINT-CLASS ACTION**

Plaintiff, Karice Goss, on behalf of herself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

**STANDING**

3. Defendant sent Plaintiff a collection letter which failed to provide adequate disclosures as required by federal law.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements and false threats *E.g. Genova v. IC Sys., Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

1

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Karice Goss ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect delinquent consumer debts allegedly owed for a defaulted AAA Checkmate, L.L.C. consumer loan account, and a Brother Loan and Finance Company consumer loan account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant, Gary A. Smiley ("Smiley"), is an Illinois registered attorney with his principal place of business at 4741 North Western Avenue, Chicago, Illinois, 60625. He does or transacts business in Illinois. (Exhibit A, ARDC Attorney Registration).

8. Smiley maintains insurance according to his Attorney Registration Record.

9. Smiley is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

10. Smiley regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed to others, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**FACTUAL ALLEGATIONS**

11. According to Defendant, Plaintiff incurred alleged debts for goods and services used for personal family or household purposes, originally for a defaulted AAA Checkmate, L.L.C. consumer loan account, and a Brother Loan and Finance Company consumer loan account. ("alleged debts"). The alleged debts are thus "debts" as that term is defined at § 1692a(6) of the FDCPA.

12. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debts went into default.

13. Smiley subsequently began collecting the alleged debts.

14. On or about November 7, 2017, Defendant sent two collection letters ("Letters") to Plaintiff regarding the alleged debts. (Group Exhibit B, Collection Letters).

15. Both letters conveyed information regarding the alleged debts, including the creditors, account numbers, and balances on the alleged debts.

16. The Letters therefore comprised "communications" as that term is defined at §1692a(2) of the FDCPA.

17. The Letters were Smiley's initial communications with Plaintiff on each of the alleged debts.

18. As required by § 1692g of the FDCPA, the Letters provide notice to Plaintiff of her right to dispute the alleged debts and to request the names of the original creditors within 30 days of receiving the letters (the "validation period").

19. However, prior to explaining the validation period to Plaintiff, the Letters state:

> **If you want to resolve this matter without a lawsuit, you must, within one week of the date of this letter, either pay Brother Loan and Finance Company $1480.63 or call me at 1-773-878-4400 and work out arrangements for payment.**

3

20. Plaintiff, and the unsophisticated consumer, would believe they did not actually have the 30 days to dispute the alleged debt as later stated by the Letters, as they were required to act within one week.

21. Therefore, Defendant has overshadowed the required disclosures.

22. 15 U.S.C. § 1692g provides:

**Validation of debts**

**(b) Disputed debts**

**. . . Any collection activities and communications during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. . . .**

23. Defendant overshadowed its disclosure of Plaintiff's rights to dispute the validity of the debt and/or request verification within the 30-day dispute period, in violation of 15 U.S.C. § 1692g(b), by stating that Plaintiff must contact Defendant to arrange payment within one week to avoid a lawsuit.

24. Validation rights can be overshadowed "by creating a confusing impression of urgency, when, in reality, the consumer has thirty days in which to decide on his course of action." *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1133 (N.D. Ill. 1998).

25. The act of threatening litigation within a week overshadows the consumer's rights to dispute the validity of a debt within 30 days and discourages consumers from exercising their rights under the FDCPA.

26. It further attempts to coerce consumers into making payments even if they do not believe they owe the alleged debts.

4

27. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, e.g., Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## **CLASS ALLEGATIONS**

28. Plaintiff brings this action on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

29. The class consists of (a) all individuals with Illinois addresses (b) who were sent a letter by Defendant to collect a debt (c) which was an initial communication (d) which states "[if]f you want to resolve this matter without a lawsuit, you must, within one week of the date of this letter, either pay []… or call me at 1-773-878-4400 and work out arrangement for payment" and (e) which was sent at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

30. As Exhibit B is a form letter, it was likely sent out to many consumers in Illinois, and the class is so numerous that joinder of all members is not practicable.

31. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether Defendant's letter overshadows the disclosures required by the FDCPA;

    b. Whether any alleged failure to do so violates the FDCPA.

32. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

32. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

33. A class action is superior for the fair and efficient adjudication of this matter, in that:

    A. Individual actions are not economically feasible.

    B. Members of the class are likely to be unaware of their rights;

    C. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## COUNT I – FDCPA CLASS CLAIM

34. Defendant overshadowed its disclosure of Plaintiff's rights to dispute the validity of the debt and/or request verification within the 30-day dispute period, in violation of 15 U.S.C. § 1692g(b), by stating that Plaintiff must contact Defendant to arrange payment within one week.

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor and against Defendant as follows:

    A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C. Such other or further relief as this Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: s/Michael J. Wood

                                                                         One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com