IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KARICE GOSS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GARY A. SMILEY, ATTORNEY AT LAW,<br><br>Defendant. | Case no. 18-7407<br><br>Hon. Gary Feinerman<br><br>Hon. Jeffrey Cole |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant, Gary A. Smiley, Attorney at Law ("Smiley"), respectfully submits his memorandum of law in support of his motion to dismiss the Complaint filed by Plaintiff, Karice Goss ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(6). Smiley submits that the Complaint filed by Plaintiff fails to state a claim upon which relief may be granted, because Plaintiff's claims are contrary Seventh Circuit precedent. Accordingly, Smiley requests that Plaintiff's claims be dismissed, with prejudice.

**I.   FACTS[1]**

Smiley attempted to collect debts allegedly incurred by Plaintiff to Brother Loan and Finance Company ("Brother") and AAA Checkmate, LLC ("AAA"). Compl. at ¶¶ 6 & 11. On or about November 7, 2017, Smiley sent two collection letters to Plaintiff, which letters are attached to Plaintiff's Complaint as "Group B." Id. at ¶ 15 & Group B. The letters state, in pertinent part, as follows:

---

[1].   For the purposes of this motion only, Smiley accepts Plaintiff's facts as true, reserving his right to later dispute the same.

> If you want to resolve this matter without a lawsuit, you must, within one week of the date of this letter, either pay BROTHER LOAN AND FINANCE COMPANY $1480.63 or call me at 1-773-878-4400 and work out arrangements for payment. If you do neither of these things, I will be entitled to file a lawsuit against you, for the collection of this debt, when the week is over
>
> Federal law gives you thirty days after you received this letter to dispute the validity of this debt or any part of it. If you don't dispute it within that period, I'll assume that it's valid. If you do dispute it - - by notifying me in writing to that effect - - I will, as required by the law, obtain and mail to you proof of the debt. And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor (BROTHER LOAN AND FINANCE COMPANY), I will furnish you with that information too.
>
> The law does not require me to wait until the end of the thirty-day period before suing you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you.

Compl. at Group Ex. B & ¶¶ 14-19. The only difference between the letters attached to Plaintiff's Complaint as Group B is that one addresses Plaintiff's alleged debt to Brother, and the other addresses Plaintiff's alleged debt to AAA. See Group Ex. B.

Plaintiff maintains that Smiley's letters violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Compl. at ¶¶ 19-27 & 34. Plaintiff alleges that the language of the letters would make the unsophisticated consumer believe they did not actually have 30 days to dispute the debt, but rather that they were required to act in one week. Id. at ¶ 20. Plaintiff asserts, on behalf of herself and a putative class, that Smiley violated 15 U.S.C. § 1692g(b) by overshadowing its disclosure of Plaintiff's rights to dispute the validity of the debt within the 30-day validation period by stating that Plaintiff was required to contact Smiley within one week. Compl. at ¶ 34.

## II. ANALYSIS

### A. Motion to Dismiss Standard

A motion to dismiss pursuant to Rule 12(b)(6) should be granted if the plaintiff fails to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007)). The factual allegations in a complaint must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555-56, 127 S.Ct. 1955; see also Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of a motion to dismiss, the court takes all facts alleged in the complaint as true and draws all reasonable inferences from those facts in the plaintiff's favor, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011).

### B. Smiley's Letters Use the Safe Harbor Set Forth by the Seventh Circuit in Bartlett v. Heibl and Therefore Do Not Violate 15 U.S.C. § 1692g(b) As A Matter of Law

This Court should hold that Smiley did not violate the FDCPA as a matter of law. Smiley's letters to Plaintiff on behalf of AAA and Brother are patterned word-for-word (with one minor exception) on the Seventh Circuit's safe harbor language in Bartlett v. Heibl, 128 F.3d 497 (7th Cir. 1997). Before discussing the Bartlett case, a comparison of the safe harbor set forth in Bartlett and the language of Smiley's letters is instructive:

3

| **Bartlett v. Heibl, 128 F.3d 497 (7th Cir. 1997) Safe Harbor** | **Smiley Letters** |
|---|---|
| If you want to resolve this matter without a lawsuit, you must, within one week of the date of this letter, either pay Micard $316 ==against the balance that you owe (unless you've paid it since your last statement)== or call Micard at 1–800–221–5920 ext. 6130 and work out arrangements for payment. If you do neither of these things, I will be entitled to file a lawsuit against you, for the collection of this debt, when the week is over. | If you want to resolve this matter without a lawsuit, you must, within one week of the date of this letter, either pay BROTHER LOAN AND FINANCE COMPANY $1480.63 or call me at 1-773-878-4400 and work out arrangements for payment. If you do neither of these things, I will be entitled to file a lawsuit against you, for the collection of this debt, when the week is over |
| Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you don't dispute it within that period, I'll assume that it's valid. If you do dispute it—by notifying me in writing to that effect—I will, as required by the law, obtain and mail to you proof of the debt. And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor (Micard Services), I will furnish you with that information too. | Federal law gives you thirty days after you received this letter to dispute the validity of this debt or any part of it. If you don't dispute it within that period, I'll assume that it's valid. If you do dispute it - - by notifying me in writing to that effect - - I will, as required by the law, obtain and mail to you proof of the debt. And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor (BROTHER LOAN AND FINANCE COMPANY), I will furnish you with that information too. |
| The law does not require me to wait until the end of the thirty-day period before suing you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you. | The law does not require me to wait until the end of the thirty-day period before suing you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you. |
| Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997). | Compl. at Group B. |

4

In <u>Bartlett</u>, the consumer plaintiff alleged the defendant debt collector violated 15 U.S.C. § 1692g(b) because the debt collector's letter stated the consumer's rights to dispute the debt in a confusing manner. <u>Bartlett</u>, 128 F.3d at 499. The Seventh Circuit agreed that the defendant debt collector's letter contradicted or overshadowed the notice required by 15 U.S.C. § 1692g(a) for reasons not present in this case. <u>Id.</u> at 500.

In order for debt collectors to be able to give consumers notice that suit may be filed against them prior to the expiration of the 30 day dispute period, the Seventh Circuit set forth a safe harbor "that complies with the statute without forcing the debt collector to conceal his intention of exploiting his right to resort to legal action before the thirty days [during which the consumer has the right to seek verification of the debt] are up." <u>Id.</u> 128 F.3d at 501. The Seventh Circuit provided the safe harbor "for debt collectors who want to avoid the kind of suit that [the consumer] has brought and now won," which was a suit alleging consumer confusion and overshadowing under 15 U.S.C. § 1692g(b). The safe harbor set forth by the Seventh Circuit is stated above, side-by-side with the text of Smiley's letters.

The only difference between the <u>Bartlett</u> safe harbor and Smiley's letters is the phrase "against the balance that you owe (unless you've paid it since your last statement)," which phrase is included in the <u>Bartlett</u> safe harbor but omitted from Smiley's letters. <u>See</u>, <u>supra</u> (highlighting the difference in yellow). However, Plaintiff does not complain about the omission of that phrase from Smiley's letters nor does she assert that omission was material in causing her alleged confusion or the letters' alleged overshadowing of her rights. Rather, Plaintiff complains the language of Smiley's letters stating that she must contact Smiley in a week or suit may be filed confused or overshadowed her right to dispute the debt in 30 days.

Because Smiley's letters comply substantially with the Bartlett safe harbor, Plaintiff's FDCPA claim against Smiley must fail as a matter of law. While Plaintiff alleges that the language of Smiley's letters overshadows her right to dispute each debt within 30 days, the Seventh Circuit set forth the Bartlett safe harbor explaining that letters like Smiley's which include the safe harbor language do not overshadow the right to dispute the debt and do not confuse consumers as a matter of law. See also Durkin v. Equifax Check Servs., Inc., 406 F.3d 410, 418 (7th Cir. 2005) (holding a letter using the Bartlett safe harbor language did not violate § 1692g(b) of the FDCPA).

## IV.  CONCLUSION

WHEREFORE, for all the foregoing reasons, this Court should dismiss Plaintiff's Complaint, with prejudice, and award Smiley such other and further relief as this Court deems just and appropriate.

Dated:  May 1, 2019                                Respectfully submitted,

                                                   GARY A. SMILEY, ATTORNEY AT LAW

                                                   /s Stacie E. Barhorst
                                                   Eric D. Kaplan - ekaplan@kpglaw.com
                                                   Stacie E. Barhorst - sbarhorst@kpglaw.com
                                                   KAPLAN PAPADAKIS & GOURNIS, P.C.
                                                   180 N. LaSalle St.
                                                   Ste. 2108
                                                   Chicago, IL 60601
                                                   (312) 726-0531
                                                   (312) 726-4928 (fax)

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that this document was filed electronically this 1st day of May 2019. Notice of this filing will be sent to counsel of record at the email addresses registered by them with the Court by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Stacie E. Barhorst