**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KARICE GOSS, individually and on behalf of all others similarly situated, | ) ) ) | |
| *Plaintiff*, | ) ) | Civil Action No. 18-cv-07407 |
| v. | ) ) | |
| GARY A. SMILEY, ATTORNEY AT LAW, | ) ) ) | |
| *Defendant*. | ) ) | Jury Demanded |

**FIRST AMENDED COMPLAINT**

Plaintiff, Karice Goss, on behalf of herself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

**STANDING**

3.      Defendant sent Plaintiff a collection letter which falsely threatened to charge late fees that were not permitted as a matter of law.

4.      Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements and false threats *E.g. Genova v. IC Sys., Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5.      Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## **PARTIES**

6.      Plaintiff, Karice Goss ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect delinquent consumer debts allegedly owed for a defaulted AAA Checkmate, L.L.C. consumer loan account arising from personal and household use. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7.      Defendant, Gary A. Smiley ("Smiley"), is an Illinois registered attorney with his principal place of business at 4741 North Western Avenue, Chicago, Illinois, 60625. He does or transacts business in Illinois. (Exhibit A, Attorney Registration).

8.      Smiley maintains insurance according to his Attorney Registration Record.

9.      Smiley is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

10.      Smiley regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed to others, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11.     According to Defendant, Plaintiff incurred alleged debts for goods and services used for personal family or household purposes, originally for a defaulted AAA Checkmate, L.L.C. consumer loan account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

12.     Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

13.     Smiley subsequently began collecting the alleged debt.

14.     On or about November 7, 2017, Defendant sent a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit B, Collection Letter).

15.     The Letter conveyed information regarding the alleged debts, including the creditor, account number, and balance on the alleged debt.

16.     The Letter was thus a "communication" as that term is defined at §1692a(2) of the FDCPA.

17.     The Letter states in relevant part, "Because of... late charges... that may vary from day to day, the amount due on the day you pay may be greater."

18.     Defendant was not authorized to add late charges because the debt had been fully accelerated pursuant to the Acceleration Provision contained within the contract for the alleged debt. (Exhibit C, AAA Checkmate Contract).

19.     A debt which has been accelerated can no longer be paid in installments, and therefore can no longer accrue any late fees.

20.     The threat that late fees could be assessed was a false threat.

21.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2)(A) The false representation of the character, amount, or legal status of any debt; or…**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

22.     Defendant misrepresented the legal status of an alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when it falsely stated that late charges could accrue on an accelerated debt.

23.     Defendant threatened to take an action it could not legally take, in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10), when it threated to adjust the balance of an alleged debt with late charges which could no longer accrue.

24.     15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair Practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

25.     Defendant used unfair means to collect a debt, in violation of 15 U.S.C. § 1692f, when it threated the possibility of late charges on an accelerated debt.

26.     Warning a consumer of possible late charges when no such charges will accrue is a false threat as a matter of law. *See Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 368 (7th Cir. 2018).

27.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  *See, e.g., Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

28.     Plaintiff brings this action on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

29.     The class consists of (a) all individuals with Illinois addresses (b) who were sent a letter by Defendant to collect a AAA Checkmate debt (c) which stated that because of late charges the balance may vary from day to day (d) which was sent at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

30.     As Exhibit B is a form letter, it was likely sent out to many consumers in Illinois, and the class is so numerous that joinder of all members is not practicable.

31.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.

32.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

33.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

34.     A class action is superior for the fair and efficient adjudication of this matter, in that:

A.     Individual actions are not economically feasible.

B.     Members of the class are likely to be unaware of their rights;

      C.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## COUNT I – FDCPA CLASS CLAIM

35.    Defendant misrepresented the legal status of an alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when it falsely stated that late charges could accrue on an accelerated debt.

36.    Defendant threatened to take an action it could not legally take, in violation of 15 U.S.C. §§1692e(5) and 1692e(10), when it threated to adjust the balance of an alleged debt with late fees which could not accrue.

37.    Defendant used unfair means to collect a debt, in violation of 15 U.S.C. § 1692f, when it threated the possibility of late charges on an accelerated debt.

WHEREFORE, Plaintiff asks that this Court enter judgment in favor of the class and against Defendant as follows:

    A.   Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.   Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C.   Such other or further relief as this Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: s/Michael J. Wood
One of Plaintiff's Attorneys

Michael Wood

Celetha Chatman
**Community Lawyers LLC**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com